## LEITENSDORFER *v.* KING, ADMRX.

*(Supreme Court of Colorado, May 16, 1884—Error to the District Court of Arapahoe County.)*

1. PLEADING—QUANTUM MERUIT—INDEBITATUS—CODE IGNORES THESE DISTINCTIONS. Under an *indebitatus* count properly stated in the old practice, plaintiff might recover whatever is due him, although no specific sum was agreed upon, without a *quantum meruit* count; but the Code abolishes these distinctions in the forms of action, and only requires that the complaint state, in concise language, the ultimate facts constituting the alleged cause of action. A complaint which declares that services were rendered by the plaintiff for the defendant at the request of the latter, and that thereby the defendant became indebted, etc., omits no material averment, and under such complaint the plaintiff is entitled to recover, if at all, the reasonable value of such services. The Court, on application made in apt time, might have required a more specific statement of facts.

2. INSTRUCTIONS—EXPERT TESTIMONY. When the jury have before them all the facts and circumstances attending and surrounding a transaction, the opinions of experts as to value based upon the same evidence are not conclusive; these opinions are not to be substituted for the common sense and judgment of the jury; the purpose of their introduction is to supplement the general knowledge and experience of the jury. In such case an instruction to the jury that their "finding as to such value should be a fair and reasonable sum, according to the evidence, after considering all the evidence upon the subject, no more and no less," is not erroneous as precluding the jury from using their knowledge and experience in considering the evidence and determining the value.

3. SAME—"ULTIMATE SUCCESS." What amounts to ultimate success in a suit is a question of law for the Court.

4. ERROR WHICH DOES NOT INJURE. A party cannot take advantage of an instruction which, if erroneous, must have resulted in his favor.

5. VERDICT ON THE EVIDENCE. The Supreme Court will not interfere with the finding of a jury upon a disputed question of fact in connection with which there is a material conflict in the testimony, unless such finding is so unreasonable as to create a strong presumption that they were in some way misled, or were controlled by improper motives, or influenced by passion or prejudice.

HELM, J. Defendant in error brought suit as administratrix in the Court below, to recover fees for services rendered by her intestate, John Q. A. King, in his lifetime. Deceased was employed in 1877 by plaintiffs in error, as local attorney and counselor, to conduct a suit then pending in the Federal Court at Denver. This suit involved the consideration of novel and complicated questions, and though prosecuted with

Vol. IV—No. 42.

diligence was not determined till July, 1880. At that time a decree was rendered in favor of plaintiffs in error who were plaintiffs therein. Gov. King died after the cause was submitted, but before entry of the decree; during this period of nearly three years he received no compensation whatever from plaintiffs in error. He was also retained by them and took some steps in another suit subsequently commenced against them; in connection with this latter cause he was paid a retainer fee of $50.00, but no more.

The complaint in this case avers the performance of these services at the instance and request of plaintiffs in error, and their failure to pay the fees therefor, and places the reasonable amount thereof, at $10,000. The answer, among other things, pleads a special and distinct "understanding and agreement" with deceased, that his compensation for services in the prior suit should be the reasonable value thereof, and should be wholly contingent and entirely dependent upon the ultimate success of the complainants; that said suit is yet undetermined; defendants have not yet recovered the lands involved, and therefore the contingency has not happened. It also avers that deceased was simply employed to act as merely assistant counsel, and only for the purpose of attending to motions and other interlocutory proceedings. These averments were traversed by the replication.

The jury returned a verdict in favor of the plaintiff, who is now defendant in error, for the full amount demanded in the complaint; to reverse the judgment rendered thereon, the cause is brought to this Court.

The first assignment of error relates entirely to the instructions given at the trial in behalf of the plaintiff. Four of the objections stated and discussed by counsel under this assignment we deem important, and will, therefore, proceed to consider them.

*First*—It is claimed that plaintiff in the complaint averred, or undertook to aver a cause of action in *indebitatus assumpsit*, and therefore, the instructions and the recovery thereunder being upon the theory that the suit was on a *quantum meruit*, were clearly erroneous.

The language of the complaint is in some respects similar to that used under the former practice in the *indebitatus* count; but

even with that practice this particular point would not be well taken. It is held that under the *indebitatus* count, properly stated in his declaration, plaintiff may recover whatever is due him, although no specific sum was agreed upon, and that the *quantum meruit* count is unnecessary. Puterbaugh Pl. & Pr., 69 and 72, and citations.

But it is sufficient answer to counsel's argument to suggest that our code of procedure ignores these distinctions in the forms of action; that the complaint complies with the code requirement by stating in concise language the ultimate facts constituting the alleged cause of action. Had an objection been interposed at the proper time, it is possible that the District Court would have required a more specific statement of some of the matters averred. The complaint does not aver that defendants "promised to pay," (a legal conclusion, the statement of which seems to have been required under the old practice to enable him to recover on the *quantum meruit*); it does, however, declare that the services were rendered at the request of the defendants, and that they thereby became indebted, etc. No material averment, under the present practice, is omitted from the complaint, and thereunder plaintiff was entitled to recover, if at all, the reasonable value of her husband's services, regardless of contract.

*Second*—The first instruction, it is said, precluded the jury from using their own knowledge and experience in determining the value of deceased's services, and confined them to the opinions of the experts sworn. No doubt exists as to the correctness of the general legal rule stated by counsel; in *Head v. Hargrove,* cited, Mr. Justice Field says: "It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services." 15 Otto, 45.

When a jury have before them all the facts and circumstances attending and surrounding the transaction, the opinions of experts as to value, based upon the same evidence, are not conclusive; these opinions are not to be substituted for the common sense and judgment of the jury; the purpose of their introduction is to supplement the general knowledge and expe-

rience of the jury in relation to the matters before them, and thereby to aid them in the exercise of their own judgment, to the end that a more just and accurate conclusion as to value may, by them, be drawn from the evidence.

But we do not think the instruction liable to this objection. The jury are told therein that their " finding as to such value should be a fair and reasonable sum, according to the evidence, after considering all the evidence upon the subject, no more and no less."

It would be an unwarranted conclusion that the jury interpreted these words as confining them to the opinions of the lawyers sworn on this subject; on the contrary, the obvious and natural meaning thereby conveyed is, that they were to bring to bear upon all the evidence, including the opinions of experts, their own knowledge and common sense, and determine the question accordingly; the expression " no more and no less," is simply a prohibition against their assessing the amount of plaintiff's recovery at more or less than such reasonable sum as in their judgment would be equitable and just under the entire evidence before them. An instruction stating specifically the rule relating to this kind of evidence would have been proper, and had such an instruction been asked the Court would not have refused it. In the absence of a request therefor, however, the Court's failure to submit such an instruction, on its own motion, we do not consider error.

*Third*—Counsel declare that the Court erred in telling the jury in the second instruction that ultimate success in the Leitensdorfer suit was attained when a final decree was entered therein.

The instruction notifies the jury that if they find deceased's fees to have been conditioned upon ultimate success in that suit, such contingency happened upon the entry of a decree; ultimate success in a particular suit cannot be said to refer to, or involve other suits or proceedings which may be necessary before the fruits of the judgment can be enjoyed. This instruction must be interpreted in connection with the fourth given for the defendants. The latter directs the jury to return a verdict for the defendants in case they find that there was a special contract providing for the payment of no fees except in the event of defendants' recovery of the in-

terest which they claimed in the land, unless it appears that they had succeeded in such recovery. The jury could not have been misled in this connection to the prejudice of the plaintiffs in error.

But it is contended that ultimate success included the affirmation of the decree in the Supreme Court of the United States, should the cause be transferred thereto.

We do not deem it necessary to discuss and determine exactly when ultimate success has been attained in suits generally. The question here is, what final determination was understood and intended, by deceased and plaintiffs in error, in the arrangement concerning compensation for the former's services.

In view of the pleadings, and the evidence in this case, we are satisfied that when this final determination or ultimate success was attained became a question of law, and that the Court did not err in fixing upon the entry of a final decree in the Circuit Court of the United States.

*Fourth*—The error, if any, committed by the fourth instruction was in favor of defendants below; the evidence expressly mentioned therein was inadmissible, under the pleadings, and probably should have been entirely withdrawn from the jury; if the Court erred in allowing them to consider it in so far as it bore upon the question of reasonable value, provided they found it to have any such bearing, such error could not have prejudiced the defendants.

Under their second and third assignments of error counsel present the objection that the verdict is contrary to the evidence, and also that the amount awarded is excessive.

There are upwards of nine hundred folios of evidence; in many important particulars the testimony is conflicting; the preponderance thereof upon the material questions of fact, is probably in favor of plaintiff's recovery; this at least was the conclusion of the jury, and we do not feel inclined to challenge the correctness of their conclusion. This Court will not interfere with the finding of a jury upon a disputed question of fact, in connection with which there is a material conflict in the testimony, unless such finding is so unreasonable as to create a strong presumption that they were in some way misled, or were controlled by improper motives, or influenced by passion or prejudice. *Green* v. *Taney*, 4 Colo. L. R., 521.

The sum named in the verdict is large; a Court, or perhaps another jury, might have awarded less; but we are not prepared to say that it is so excessive as to justify interference therewith by us. A large discretionary power is lodged with the jury in cases like this. In estimating the value of an attorney's services, where no special contract exists fixing the same, they are to consider a variety of facts and circumstances, such as the character of the litigation in which the services were rendered; the novelty, difficulty and importance of the questions involved; the value of the rights or property in controversy; the attorney's position in the case, as leading or assistant counsel, and the degree of responsibility resting upon him; the length of time necessarily consumed by the trial and other Court proceedings; the fact, if it be a fact, that compensation is wholly contingent upon success; the manner in which his duties are performed, etc.

Testing the verdict in this case by these considerations, we cannot say, in view of the evidence, that it is grossly excessive; the services of deceased are shown to have been arduous and laborious; he was not the leading lawyer employed, but Mr. Bradford, his principal, was never nearer than Washington; and while local and assistant counsel only, deceased seems to have been charged with the immediate conducting and management of the case, and to have borne a large part of the responsibility in connection therewith; some of the questions were new, complicated and difficult; his labors extended through a period of nearly three years, and his fees were contingent upon success.

True, plaintiffs in error have, as yet, reaped no direct benefit from the decree obtained, but that decree was the entering wedge to the attainment of vast and valuable property rights; followed up with diligence and *success,* its ultimate result, according to the evidence, will be to vest in them title to property valued at nearly half a million of dollars.

There are other assignments, but we do not deem it necessary to consider them; so far as we are advised by the record, no material error was committed in the admission or rejection of testimony.

The judgment will be affirmed.

*F. Titus, E. Miles,* for plaintiffs in error.

*Wells, Smith & Macon,* for defendant in error.