DETERMINED IN THE

# SUPREME COURT

OF THE

## STATE OF COLORADO.

SEPTEMBER TERM, 1893.

BOURKE, PLAINTIFF IN ERROR, v. WHITING, DEFENDANT
IN ERROR.

1. OBJECTION TO TESTIMONY.
    In a suit for legal services as land attorney, defendant himself tes-
    tified that he knew plaintiff was a land attorney when he employed
    him; *held*, that an objection to plaintiff's testifying orally that he
    was duly admitted to practice as a land attorney was without sub-
    stantial merit.

2. EXPERT TESTIMONY.
Opinions of expert witnesses as to the value of professional services are
    not conclusive upon the jury; nor is such evidence absolutely essen-
    tial. The jurors may, from the nature and kind of services per-
    formed and from the time and circumstances of performance, exer-
    cise their own judgment in determining the value of such services;
    and parties submitting such an issue to the jury, without expert
    testimony, will not afterwards be heard to complain.

3. MEASURE OF DAMAGES.
Testimony that a party was put to *some loss of time and expense of board,
    etc., by reason of the destruction of legal papers,* is not sufficient to
    sustain a claim of damages for such destruction; the reasonable
    worth of the papers destroyed is the proper measure of damage in
    such a case.

4. VOLUNTARY GIFTS.
Gifts freely exchanged between competent parties, when consummated

VOL. XIX—1                                            (1)

by actual delivery and not prejudicial to creditors, cannot be made the subject of a lawful claim or counterclaim by one party against the other.

*Error to the County Court of Pueblo County.*

ACTION to recover for services as an attorney at law. Judgment for plaintiff. Defendant brings the cause to this court by writ of error.

Mr. JOHN W. COULTER, for plaintiff in error.

Mr. JOHN A. COLLINS, for defendant in error.

Mr. JUSTICE ELLIOTT delivered the opinion of the court.

This action was commenced before a justice of the peace and was afterwards tried on appeal by the county court. The issues must, therefore, be gathered from the oral claims made by the respective parties as preserved by the bill of exceptions.

It appears that plaintiff Whiting was employed by defendant Bourke to perform certain legal services in and about a number of land contest cases in which Bourke was interested. Part of the services so performed were paid for at an agreed price. Plaintiff also performed other services for which he made a further charge of $77.50. For the latter services this suit was brought.

1. The cases were pending in the United States Land Office at Pueblo, Colorado; and it is assigned for error that plaintiff did not prove that he was a land attorney by competent evidence. No complaint is made that plaintiff did not skillfully perform the services for which he was employed; defendant himself testified that he knew Whiting was a land attorney when he employed him; hence, the objection to Whiting's testifying orally that he was duly admitted to practice as land attorney for the United States Land Office at Pueblo is without substantial merit.

2. It is assigned for error that the court erred in allowing

the jury to determine from the evidence what the services of plaintiff were reasonably worth. It is true, no expert witnesses were sworn as to the value of the services. In a suit to recover the value of professional services, witnesses of proper knowledge and experience may be called to give their opinions under oath as to the value of such services. But such opinions are not conclusive upon the jury ; nor is it absolutely essential that expert evidence should be produced in such cases. The jurors have the right when the nature and kind of services performed are shown in evidence, together with the time and circumstances of performance, to exercise their own judgment in determining the value of such services ; and if parties submit such an issue to the jury without expert testimony they will not afterward be heard to complain. *Leitensdorfer v. King, Admx.*, 7 Colo. 436.

3. Before the cases were concluded in the land office a disagreement arose as to plaintiff's compensation. He charged $77.50. Defendant offered to pay $20.00. Finally plaintiff offered to accept $50.00; and when this was refused he tore up certain papers which he had prepared. Upon this matter defendant testified :

" I considered that I was damaged to the extent of $40.00 by the tearing up of those papers. I was compelled to pay $10.00 for the republication to begin the contest cases over again, and was put to some loss of time and expense of board, etc., by reason of the destruction of the papers. I did the work of preparing new papers myself, however, and pushed both cases to a successful issue without employing an attorney."

The court instructed the jury to deduct from plaintiff's claim the reasonable worth of the papers destroyed by him, but to disallow the damages claimed on account of delays, expenses, etc. The instruction was right; the evidence was not sufficient to sustain the latter claim of damages. *Town of Salida v. McKinna*, 16 Colo. 523.

4. Defendant undertook to establish a counterclaim against

plaintiff's demand. The items of the counterclaim were as follows:

| | |
|---|---:|
| For room rent, . . . . . . | $16 |
| For pasturing team, . . . . . . | 15 |
| For milk, . . . . . . . | 12 |
| For use of horse, . . . . . . | 14 |

It appears that some time before plaintiff's cause of action arose, plaintiff occupied a room at defendant's house; that he pastured his team on defendant's land; and that he was boarding himself and received milk from defendant's ranch. On cross-examination defendant testified as follows:

"At the time Whiting stayed at my house he was not in good circumstances. I did not intend to charge him for the use of room, the pasture for his team and the milk until after this suit was brought. I did not then mean to charge him for those things. I always intended to charge him for the use of the horse. If he had not brought this suit against me, I would not have charged him for the milk, room rent and horse pasture."

In rebuttal plaintiff testified as follows:

"When I went to Mr. Bourke's house I asked if he could board me. He said not. I offered to pay him for board when I left and he refused. I occupied a room in a part of his house which he was not using. I was not there more than six weeks. The land my horses were picketed on may have belonged to Mr. Bourke but was not inclosed within his fence.

"While staying there I occasionally did chores, cut wood for fuel, etc. At that time I was engaged in teaming—hauling ore * * * I think I did not have the use of that horse more than six days. When leaving Mr. Bourke's ranch, I offered him payment for the use of the room, which he declined. I offered to pay him anything I owed him and he said I did not owe him anything. I was to work one day for use of horse which I used in 1888. This was after I lived at his house and after the time I offered him payment."

Plaintiff's testimony in rebuttal was not contradicted.

Upon such evidence the jury could not properly do otherwise than disallow defendant's counterclaim for room, pasture and milk.   The charge of the court providing that said items should be disallowed was not erroneous.   The evidence did not disclose any fiduciary relation existing between Whiting and Bourke, while the former roomed at the latter's house. Though acquaintances and friends, they were *sui juris*, competent to transact ordinary business, and, hence, as between themselves, were competent to give and receive presents; therefore, any gift by either of the parties, of his own property, actually and freely bestowed by delivery upon the other so as to make a complete and executed transaction—such a gift as the donor at the time did not intend to charge for or resume—could not afterwards be made the subject of a lawful claim or counterclaim in a suit by one against the other. When not prejudicial to creditors, gifts freely exchanged between friends should not be made the subject of litigation; and when there has been an actual delivery of such a gift it cannot be recovered, or recovered for, when the parties become estranged from each other, or when differences arise about other business transactions.   1 Parsons on Contracts, *234; *Wilson v. Me-ne-chas*, 40 Kansas, 648; *Collins v. Martin*, 43 Kansas, 182.

The verdict was in favor of plaintiff for the sum of $50.00 It would seem from this that the jury deducted a proper sum from plaintiff's claim on account of the papers destroyed, and, also, allowed defendant's counterclaim for the use of his horse.   No substantial error appearing in the record, the judgment of the county court must be affirmed.

*Affirmed.*