## [No. 1224.]
## WILLARD v. WILLIAMS.

1. ATTORNEY AND CLIENT—ACTION FOR SERVICES—EVIDENCE.

In a suit by an attorney against a client for services, it is permissible to show the nature and character of the services and the experience of the attorney and his standing in the profession in order to determine what he ought to charge for a given service, but it was not error to exclude a question which asked what experience the attorney had had in a particular kind of a suit in a particular court, unless it had been followed up with other questions tending to elicit facts which would exhibit the limits of the attorney's experience.

2. PRACTICE—INSTRUCTIONS—EXCEPTIONS.

Where by the consent of parties the instructions of the court were oral but were paragraphed and numbered an exception at the conclusion which excepted to the instructions contained in certain numbered paragraphs was not an objection available on appeal. Some specific objection must be made that will point out to the trial court the part of the charge complained of in order to give the trial court an opportunity to correct the error.

3. INSTRUCTIONS.

An instruction of the court which told the jury that to arrive at the reasonable worth of the services of an attorney they must consider only the evidence of the attorneys who testified and not what they might think outside of the evidence, would ordinarily be erroneous. In determining the value of professional services, the jury have a right to consider all the evidence in the case bearing on the question and apply their own experience and knowledge of the character of such services in determining whether or not they will accept the criterion of value placed on the service by the expert witnesses. But as no other evidence was offered by either party tending to fix the value of the services except the testimony of the two attorneys who testified in the case, the instruction excluded no evidence, and the instruction does not in terms exclude the jury from a consideration of the case in the light of their own knowledge and experience; it was therefore not reversible error.

·4. SAME.

When a party to a suit thinks his case should be more closely and carefully stated to the jury it is incumbent on him to frame a request therefor and present it to the court. He cannot sit idly by and then complain unless he can put his finger upon a matter which is clearly and undoubtedly erroneous.

*Appeal from the County Court of Arapahoe County.*

Mr. N. Q. TANQUARY, for appellant.

Mr. H. J. HERSEY, for appellee.

BISSELL, J., delivered the opinion of the court.

This suit was brought against the appellant, Willard, to recover the value of services performed partly by the appellee Williams, and partly by H. J. Hersey as attorney for Willard in sundry and divers suits. The whole case is in a nut shell. Hersey and Willard had a good many dealings which included the organization of the Denver, Lakewood & Golden Railway Company, and the Bennett Electric Placer Mining Company. In the furtherance of their common interests in the organization of those two corporations there seems to have been an arrangement between them by which Hersey was to receive a considerable stock interest in each company for his services, and later he was employed as the attorney for the railroad company, and the secretary of the placer company, on a compensation which is not involved and need not be stated. Willard became the holder of a large number of bonds of the railroad company on which the company defaulted in the payment of interest. Willard as the holder of the unpaid interest coupons, employed Hersey to bring suit to enforce the collection. Under this employment Hersey brought several suits before a justice, in one of them collected some money, and in another he seized money on garnishment, but the ·railroad company brought suit to enjoin further proceedings in that matter, procured an in-

junction and the case was taken to this court where it was ultimately heard and decided. There was no dispute respecting Hersey's employment to carry on the litigation and practically none respecting what he did and its value. There was no evidence respecting the extent and character of the service or respecting its value, save what was given in behalf of the plaintiff, for the defense was rested on the contention that Willard was not liable for the fees because Hersey had agreed to do the work for the compensation coming to him in the stock interest and in the salaries which he received after the organization of the railroad and the placer companies. The case was first tried before a justice where the plaintiff had judgment, and on appeal to the county court it was tried *de novo* before a jury, which found against the appellant. We are therefore at liberty to accept the verdict as conclusive on all matters of fact. We therefore assume for the purposes of this decision that Hersey was employed to do the work, that its value was the amount found by the jury, and that Willard's contention that he was to do it for the benefits he derived from the organization of the two companies was totally unfounded.

With this premise the disposition of the appeal is simple. There are quite a number of errors urged respecting the rulings of the court in the admission and rejection of testimony but we are unable to discover any which form a substantial basis for a reversal. The appellant attempted to put a question to Hersey respecting the number of cases involving injunctive relief which he had had in the court of appeals, but the question was objected to and he was not permitted to put it to the witness. We discover no error in this ruling, nor can we see that the rule of law invoked against it, is at all applicable or decisive. We are not disposed to disagree with counsel respecting the right to show the extent and character of the services and experience of an attorney and his status in the profession when he sues for fees and that these matters may to a greater or less extent be considered in determining what he ought to charge for a given service.

The question which was put can hardly be said to bear on this inquiry. It may easily be true that a lawyer may have had very extended and large experience in litigations of the gravest character and yet never had a suit of that particular description in that particular court. If counsel had pursued their inquiry and put other questions tending in the same direction whereby he had sought to elicit facts which would exhibit the limits of counsel's experience, and he had not been permitted to pursue it a different question would have been presented. We do not think however that the rejection of this particular query, there being no attempt to follow up the examination, constitutes reversible error. The letter written by Hersey and marked "Exhibit No. 3" was admitted in evidence and appears in the record so that the error assigned on the ruling of the court respecting it is unavailable. There are one or two other assignments of error based on the rulings of the court respecting the admission of testimony, but we are unable to see that the testimony which was excluded was so entirely relevant as to make it error to reject it. Of course this conclusion is very much controlled by the consideration that the only defense was an alleged agreement to do the work for nothing and the evidence did not even tend to substantiate the making of any such contract.

All the other errors assigned are based on the instructions which the court gave and which he refused to give. It was not error for the court to refuse to give the instructions which the defendant asked because as to the first, the modification was absolutely indispensable to a correct statement of the law, and in respect to the second, it was substantially given in the charge of the court.

We should have very considerable difficulty to support the court's instruction in its fifth paragraph if the defendant had preserved the question in such way that it was properly presented and we were bound to rule on it. The charge was by consent of parties oral, and while it seems to have been paragraphed and numbered the defendant made no objection to the charge except that upon its conclusion he excepted to

.the instructions contained in certain numbered paragraphs. As we understand the rule announced by the supreme court this is not an objection which is available on an appeal. We understand very well the practice which prevails in *nisi prius* courts, and we know that when an oral charge is concluded, the defendant says he excepts to it and when the bill is made up it says an exception was saved to certain numbered paragraphs. As we read the rule laid down by the supreme court, a general exception of this sort is not enough to preserve the question and reverse the case because of errors which the court may have committed in such a charge. That learned court has said in two or three cases that some specific objection must be made to the part of the charge of which the parties complain in order to give the trial court an opportunity to correct the error complained of. *Keith v. Wells,* 14 Colo. 321; *Edwards v. Smith,* 16 Colo. 529.

The language used makes it tolerably plain because in both those cases the court declines to consider exceptions in the absence of specific objections pointing out the part complained of whereby an opportunity was given to the trial court to correct its instructions. Obviously if the intent and scope of the requirement is to afford the trial court an opportunity to correct its charge, its attention must be called to that part of it to which the appellant objected at the time of the trial. We are unable to discover anything in the record to show that the appellant did complain of any part or portion of the charge at the trial. He referred to no specific portion of it, made no objection to any part of it, but simply so far as we can see, said, " I except to the charge." Under this rule that is not enough to save the question. This is clearly right and just to litigants. Parties have no right to sit by and permit a court to instruct the jury, and say nothing respecting the terms and scope of the charge, and by the simple utterance " I except," preserve any question for the purpose of an ultimate review, which on mature reflection and careful examination in the light of authorities they may discover to be erroneous.

The court told the jury that "reasonably worth," meant
a fair and reasonable charge for the services performed, and
that to arrive at this they must consider only the evidence
of the attorneys who testified in the case and not what they
might think outside of the evidence. Of course if this in-
struction is to be taken literally, it could hardly be justified
since the rule is well settled that in determining the value
of professional services, the jury have a right to consider all
the evidence in the case bearing on the question and apply
their own experience and knowledge of the character of such
services in determining whether they will accept the crite-
rion of value which the expert witnesses may have placed on
it. This doctrine has been recognized by our supreme court
and has been the rule ever since the supreme court of the
United States first passed on the question. *Leitensdorfer v.
King*, 7 Colo. 436; *Head v. Hargrave*, 105 U. S. 45; *Kil-
patrick et al. v. Haley et al.*, 6 Colo. Ct. App. 407.

The charge was not entirely accurate in the light of those
decisons, and if the jury had been expressly told that they
could only consider the evidence of the attorneys, and not
the other proof in the case, and that they could not use
their own knowledge, judgment, and experience in such
matters, it would have been clearly bad law. The instruc-
tion is on the border line because the court did tell them
that they were bound to take the testimony of the witnesses
on the subject, and were not at liberty to find a verdict on
what they might "think of it" outside of the evidence. It
so happens that there was no evidence offered by either side
as to the extent and character of the services or value, ex-
cept what was given by the two attorneys, Hersey, the
assignor, and Mr. Gove. Practically then, the jury were only
told that they must consider what evidence had been offered.
Thus far the instruction perhaps may be justified. Then when
the court told the jury they must proceed on the evidence and
not on what they thought, it possibly might be supported
on the theory that the instruction does not in terms exclude
the jury from a consideration of the case in the light of their

own knowledge and experience.    In other words, there was no direct exclusion of these matters from their consideration, and in the absence of a request for an instruction giving them that right and expressing the true rule, we see no reason why the appellant should not be bound and should now be heard to complain of an instruction which is not of necessity absolutely vicious and to which he made no specific objection.

The appellant makes some complaint respecting the form of other portions of the charge, principally on the theory that it stated the case too strongly for the plaintiff and treated the defense too lightly, but we are unable to discover anything either in its form or substance which we can call error and we think it incumbent on the defendant who requires his case to be more closely and carefully stated, to frame a request therefor and present it to the court, or if the charge be oral, to call the court's attention to the matters of which he complains and seek their correction at the time. We do not believe he can sit idly by and then complain unless he can put his finger upon a matter which is clearly and undoubtedly erroneous.

We are unable to discover any error in the case which will warrant the reversal of the judgment and it will therefore be affirmed.

*Affirmed.*