No. 10,019.

McWilliams *v*. Garstin.

Decided April 4, 1921.

Action to recover for services rendered. Judgment for plaintiff.

*Affirmed.*

## On Application for Supersedeas.

1. CONTRACT—*Time of Performance—Reasonableness.* The fact that one might have completed the performance of a contract sooner by the exercise of greater diligence is not conclusive of the question of reasonable time. The actual time consumed may still have been reasonable.

2. WORDS AND PHRASES—*Reasonable Time*, in connection with a contract, may be such time as is necessary *conveniently* to do what the contract requires should be done.

3. EVIDENCE—*Expert Testimony not Conclusive on Jury.* The judgment of experts, even when unanimous and uncontroverted, is not necessarily conclusive on the jury.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. JOHN T. HANEY, for plaintiff in error.

Mr. W. M. SWIFT, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in which recovery is sought on a *quantum meruit* for services rendered, and also upon an oral contract for other services performed by plaintiff for defendant. There was a verdict and judgment for plaintiff. The defendant brings the case here, and applies for a supersedeas.

The principal contention of the plaintiff in error, defendant below, is to the effect that a verdict should have been directed for the defendant upon the ground "that all of the evidence shows" that the plaintiff did not perform his contract within a reasonable time. The matter of reasonable time was an issue under the pleadings. The basis for the defendant's contention is evidence to the effect that plaintiff could have, by the exercise of greater diligence, completed his work sooner than he did. Such evidence, however, is not conclusive of the question. The time

actually consumed may still have been reasonable.  Reasonable time may be "such time as is necessary *conveniently* to do what the contract requires should be done."  13 C. J. 686.  The defendant's motion for a directed verdict was properly overruled.

It is also contended that the court erred in gving Instruction No. 5-A, which permitted the jury to consider various circumstances in determining what was a reasonable time in this case.  To sustain this contention, the plaintiff in error asserts that at the trial all of the witnesses on this subject testified, without objection on either side, as experts, and by their testimony fixed a reasonable time. This situation, if it existed, did not make it error to give the instruction complained of.  The weight to be given to opinion evidence is for the jury.  The judgment of experts, even when unanimous and uncontroverted, is not necessarily conclusive on the jury.  *Leitensdorfer v. King,* 7 Colo. 436, 4 Pac. 37; 32 C. J. 728.

We find no reversible error in the record.  Supersedeas is denied, and judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.