## No. 16,911.

BRANSALL *v.* INDUSTRIAL COMMISSION ET AL.

(251 P. [2d] 935)

Decided December 15, 1952.

Mr. W. E. McCARTHY, for plaintiff in error.

Messrs. WOLVINGTON & WORMWOOD, for defendants in error companies.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

*En Banc.*

Mr. Chief Justice Jackson delivered the opinion of the court.

This is a workmen's compensation case in which claimant suffered an injury in the course of and as a result of his employment. The sole question involved is the extent of the compensable injury which resulted when claimant was struck in the mouth and on the neck by falling timbers while working in the new Denver Stockyards Stadium on October 16, 1950, at a time when workmen were changing concrete forms. He was on a scaffold when struck, and fell ten or fifteen feet. He was hospitalized with traction for a few days, then wore special neck braces or collars for some time afterward. The attending physician, Dr. William Nelson, found a permanent disability of seven and one-half per cent., as well as total temporary disability. The insurer, under date of March 19, 1951, admitted temporary disability from October 17, 1950 to February 26, 1951, in the sum of $432.25, and seven and one-half per cent. permanent disability as a working unit in the sum of $1,087.76.

March 30, 1951, counsel for claimant submitted a report by Dr. J. P. Hilton, indicating a fifty per cent. disability and asked for a hearing to determine the degree of permanent disability and receive medical testimony. This hearing was held April 30, at which time claimant testified; reports of Dr. Foster Matchett, Dr. Joseph H. Weiss, Dr. L. E. Daniels, and Dr. William Nelson were received; and Dr. J. P. Hilton was cross-examined. The referee made a finding under date of May 4, 1951, which included the following statements: "The injury was to claimant's mouth and teeth;" "Claimant attained his maximum degree of improvement April 1, 1951;" and "Permanent disability consists of 10% as a working unit;" and entered an order for a payment of compensation to claimant of $22.75 per week from October 17, 1950 to March 31, 1951, "plus the further payment of compensation at that same rate until the additional sum

of $1450.36 shall have been paid, for and on account of permanent partial disability." This finding of the referee was approved, affirmed and adopted as the order of the commission June 11, 1951; and, following a petition for review, the award of the commission of June 11 was affirmed and approved as its final award under date of June 29, 1951.

Subsequent proceedings in the trial court brought by claimant resulted in an affirmance of the award of the Industrial Commission by the court, and claimant brings the case here for a review of that judgment.

Two specifications of points of error are filed. 1. That the Industrial Commission and the district court erred when both ignored the undisputed testimony of an expert witness, said testimony indicating that the claimant sustained a permanent psychoneurotic injury. 2. A question of law is present where the evidence is, or the facts are, undisputed without substantial conflict.

■ The first point urged appears never to have been raised either in the trial court or before the Industrial Commission. It therefore is not properly before us. *London Guarantee & Accident Co. v. Sauer*, 92 Colo. 565, 22 P. (2d) 624; *Industrial Commission v. Calumet Fuel Co.*, 108 Colo. 133, 114 P. (2d) 297; *Brown v. Colorado Fuel and Iron Corp.*, 111 Colo. 253, 140 P. (2d) 619; Rule 59 C (e) R.C.P., Colo. This principle, that we cannot entertain a proposition not hitherto urged in the prior proceedings, is determinative in this case.

Lest it might appear that but for this rule we would reverse the judgment, it should be added that the contention of plaintiff in error that the evidence is undisputed that claimant sustained a psychoneurological injury is not supported by the record. Reliance is placed upon the testimony of Dr. J. F. Hilton. The latter's report, Exhibit 4, based on first examinations of claimant, contained this statement: "This man's disability is entirely orthopedic in nature and the degree of disability and length of partial disability can best be judged by Dr.

Nelson." The report of Dr. L. E. Daniels', Exhibit 2, introduced without objection, concludes with this sentence: "There being no evidence of damage to any part of the nervous system, it is my opinion that Mr. Bransall has no disability of a neurologic character."

In *Arvas v. McNeil Coal Corp.*, 119 Colo. 289, 203 P. (2d) 906, the evidence was undisputed. In the instant case the trier of the facts had before it the conflicting earlier and later statements of claimant's expert, as well as the conflicting Daniels and Hilton testimony.

 Even if the expert testimony of claimant's witness were undisputed, it would not necessarily be conclusive on the fact-finding body. *Leitensdorfer v. King, Admx.*, 7 Colo. 436, 4 Pac. 37; *McWilliams v. Garstin*, 70 Colo. 59, 197 Pac. 246. We have most recently applied this rule in *Swanson v. Martin*, 120 Colo. 361, 209 P. (2d) 917.

 In addition to the injury to the face and mouth, the evidence disclosed that claimant suffered some injury to the third or fourth cervical vertebra. This situation is discussed in various medical reports and was involved in the testimony of witnesses. A more comprehensive finding would have included reference to the cervical injury. Counsel acknowledges there is no duty on the Commission to make specific findings of fact after appeal from the referee's decision. It has been so held in *Prouse v. Industrial Commission*, 69 Colo. 382, 194 Pac. 625. Applying language in that case to the instant one, "The evidence, however, in this case, is not conflicting [with respect to the injury to the cervical vertebra], the facts are undisputed, and we think the commission's decision was right, therefore the case is not remanded for more detailed finding, but we consider the evidence as if it were the findings of fact."

What we have said in this opinion is also in answer to the second specification of error.

The judgment is affirmed.