No. 22236.

ROBERT RUSSELL MUHE AND RUBY LUCILLE MUHE *v.* GLADYS FLORENCE MITCHELL.
(442 P.2d 418)

Decided June 17, 1968.

Murray, Baker and Wendelken, Gerald W. Bennett, for plaintiffs in error.

Horn, Anderson and Johnson, for defendant in error.

*In Department.*

Opinion by Clifford H. Darrow.*

This litigation was caused by a two-car automobile

---

*District judge sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

accident which occurred on October 5, 1963, at the intersection of Caramillo and Weber Streets in the City of Colorado Springs in El Paso County.

On error the parties appear in the same order as in the trial court.

In the complaint, the plaintiff Robert Russell Muhe demanded $45,000 as general and special damages for the alleged personal injuries sustained by him as a result of the accident; and his wife, the plaintiff Ruby Lucille Muhe, prayed for damages in the sum of $10,000 for loss of consortium.

The trial court, in its findings of fact, found that the defendant's negligence was the proximate cause of the accident, and it thereupon assessed plaintiff Robert Muhe's damages at $3,600, but made no award to his wife. Judgment was entered accordingly. Plaintiffs moved for a new trial on the issue of damages. The motion was denied.

The plaintiffs are in this Court claiming prejudicial error by refusal of the trial court to grant adequate damages to them. The defendant has not filed cross-error on the issue of liability and her responsibility for the accident is not a subject for review.

FIRST: Ten witnesses testified during two days of trial. Of these, eight gave testimony concerning some aspect of plaintiff's claimed damages.

Plaintiff Robert Muhe sustained a bruise or contusion in his lower back for which he received adequate treatment. A myelogram showed that he suffered no other injury to his spine or back. The bruise was his only physical injury from the accident.

While in the military service during the Korean War, he was seriously wounded as a result of which he developed an emotional condition known as a "disabled veteran's complex" which later subsided.

He claims that the automobile accident "triggered" a return of his former emotional illness, described as a conversion reaction, causing him physical suffering and

disability for which he should have received an award of damages greatly in excess of the judgment.

Immediately after the accident he was hospitalized for three hours. Orthopedic surgeons testified at the trial that he has a normal gait, normal movements and has no physical limitation.

In the conclusions, the trial court stated:

"It is however the Court's opinion that plaintiff has failed to sustain his burden of proof that the condition which he now suffers was caused by this accident. Though there was no medical testimony rebutting Dr. Hurley's theory the facts are inconsistent in many respects with this theory that plaintiff's present disability was caused by the accident and that plaintiff has been unable to work since the accident. Plaintiff's employment record prior to the accident, ten jobs in fourteen years, is considered along with the fact that plaintiff really made very little effort to be employed in the past two years since the accident; this coupled with his expressed intent to go into some business very soon after this trial is determined with the proceeds he receives from the defendant or with money to be received in settlement with his employer or by loan from some relative or bank is inconsistent with the claim of disability. Even assuming there is some disability the doctor is unable to give any percentage or degree of disability since the accident, now or in the future. Sympathetic as the Court may be to the plaintiff's emotional problems, the evidence is not sufficient to award plaintiff full wages for two years since the accident and for some indefinite period in the future."

■ SECOND: It is urged that the testimony of Dr. Hurley concerning plaintiff Robert Muhe's neurosis is uncontradicted by other testimony for which reason the trial court was bound by it. We have held otherwise.

In the case of *Swanson v. Martin,* 120 Colo. 361, 209 P.2d 917, quoting with approval from *United Brotherhood of Carpenters and Joiners of America, Local Union*

*No. 55 v. Salter,* 114 Colo. 513, 167 P.2d 954, this Court said:

"* * * In the case before us the court or jury was not required to accept plaintiff's testimony as to defendant's condition and his knowledge thereof as establishing the truth of the facts to which such testimony was directed, even though it is not contradicted by other direct evidence. *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120; *Nelson v. Lunt,* 74 Colo. 265, 220 Pac. 1006. Reasonable inferences from circumstances tending to discredit or weaken such testimony should be considered."

The rule is no different with reference to the testimony of expert witnesses. In *Bransall v. Industrial Commission,* 126 Colo. 556, 251 P.2d 935, we said:

"Even if the expert testimony of claimant's witness [medical men] were undisputed, it would not necessarily be conclusive on the fact-finding body. *Leitensdorfer v. King, Admx.,* 7 Colo. 436, 4 Pac. 37; *McWilliams v. Garstin,* 70 Colo. 59, 197 Pac. 246. We have most recently applied this rule in *Swanson v. Martin,* 120 Colo. 361, 209 P.(2d) 917."

■■ In cases of the kind before us, the trier of the facts has a wide discretion in determining the amount of damages. *Preuss v. Schoonover,* 154 Colo. 531, 391 P.2d 880. Sitting as a court of review, we are obliged to peruse the evidence in this case in the light most favorable to the defendant.

■ It is evident that plaintiffs' claims for damages were so balanced with doubt that in the opinion of the trial court the evidence did not preponderate in their favor. The court found that plaintiffs failed to carry the onus which is required in civil actions.

■■ The finding was justified under the facts and circumstances of the case. It has been repeatedly held by this court that the determination by the trial court of facts based upon competent evidence is binding on review. *Levy v. Levy,* 159 Colo. 162, 410 P.2d 629.

■ THIRD: When we consider that the disability

claimed by the plaintiff Robert Muhe was not caused by the accident, it is clear to us that his wife was not entitled to recover damages from the defendant for loss of consortium.

The judgment is affirmed.

· MR. CHIEF JUSTICE MOORE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.