541 P.2d 1254 (1975)
R. O. WALTON, Jr., et al., Plaintiffs-Appellees,
v.
BANKING BOARD of the State of Colorado and Harry Bloom as State Bank Commissioner and Chairman, Colorado State Banking Board, Defendants-Appellants.
No. 74-489.
Colorado Court of Appeals, Div. I.
July 29, 1975.
Rehearing Denied August 26, 1975.
Certiorari Denied November 10, 1975.
*1255 Klingsmith, Russell, Angelo & Wright, P. C., Harrison F. Russell, Wyatt B. Angelo, Gunnison, for plaintiffs-appellees.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Tennyson W. Grebenar, Asst. Atty. Gen., Denver, for defendants-appellants.
Selected for Official Publication.
COYTE, Judge.
Plaintiffs (applicants) applied to the Banking Board for a charter for a commercial bank, to be located in Crested Butte, in Gunnison County, Colorado. After a public hearing at which no one appeared to contest the issuance of the charter, the Banking Board denied the charter. The applicants then initiated this action under C.R.C.P. 106(a)(4), which the result being that the trial court directed issuance of the requested charter. The Board appeals from that judgment. We reverse.
The Banking Board denied the charter on the grounds that the applicants failed to meet the requirements of § 11-3-110(3), C.R.S.1973. It found that the applicants had failed to prove that the proposed Bank would serve a public need and advantage in the area of the community which the Bank would serve, and found that the volume of business in the community would be such that a profitable operation of the bank could not be reasonably projected. In reversing the order of the Board, the trial court concluded that "the evidence submitted by the applicants as to the need of a bank and the possibility of profitable operation was uncontradicted" and that the decision of the Board was "arbitrary and capricious and should be reversed." It also indicated that the Board had erroneously considered matters outside of the record, without notice to the applicants, contrary to § 24-4-105, C.R.S.1973.

*1256 I.
At the hearing before the Board, applicants introduced an economic feasibility study prepared by their expert witness. He testified and gave an opinion that there was a public need for the bank in the area and that the operation would be successful. In its findings and order, the Board accepted the facts presented by applicants but disagreed with applicants' projections when it stated:
"[I]t appears to us that the applicants have been optimistic to the point of credibility [sic] in projecting personal and business deposits. Yet, despite such optimism, their projections of deposits are somewhat arbitrarily increased, based upon other banks in other communities. The foundation for such comparison was not adequately explained to the Board; and in view of the Board's familiarity with such other locations in recent applications and with the Town of Crested Butte, we cannot accept such comparisons as valid reasons for the increase in deposits."
The trial court erroneously concluded that since there was no evidence in opposition to the granting of the charter, there was no conflict in the evidence and the Board was thus obligated to grant a charter.
Theoretical problems in applying the "substantial evidence" standard for judicial review are encountered where, as here, the application is denied even though there is no evidence directly opposing the granting of the bank charter. However, § 11-3-110(3), C.R.S. 1973, clearly places the burden of proof upon the applicants. The weight to be given to the testimony is peculiarly within the province of the Board, Goldy v. Henry, 166 Colo. 401, 443 P.2d 994, and the Board is not bound to accept testimony at face value merely because it is not directly contradicted See Bransall v. Industrial Commission, 126 Colo. 556, 251 P.2d 935; Industrial Commission v. Bennett, 166 Colo. 101, 441 P.2d 648.
The Board concluded "that applicants have failed to show that the chartering of the proposed bank, at the present time, would serve a public need and advantage in the area" and that "the area cannot adequately support a Bank." It is the responsibility of the Board to maintain a sound banking structure in the State of Colorado. It has the responsibility to grant charters only to those applicants which in its judgment will be financially successful and serve a public need and advantage in the area where the new bank seeks to be located. Section 11-3-110(3), C.R.S.1973. Here the inferences to be drawn from the evidence are conflicting, and the reviewing court may not displace an administrative agency's choice between two fairly conflicting views, even though the court could justifiably have made a different choice had the matter been before it de novo. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Thiele v. Colorado, 30 Colo. App. 491, 495 P.2d 558; 2 F. Cooper, State Administrative Law 728 (1965).

II.
Applicants contend that the Board acted improperly in arriving at its decision by considering its "familiarity with such other locations in recent applications and with the Town of Crested Butte." In weighing the evidence and drawing inferences therefrom, the Board may utilize its expertise in banking matters. See Goldy v. Henry, supra; and see § 11-2-102(2)(a), C.R.S.1973. In this regard § 24-4-105(8), C.R.S.1973, provides:
"An agency may take notice of general, technical, or scientific facts within its knowledge, but only if the fact so noticed is specified in the record or is brought to the attention of the parties before final decision and every party is afforded an opportunity to controvert the facts so noticed."
The specific facts referred to by the Board were introduced into evidence through the applicants' economic feasibility study and *1257 through oral testimony. They cannot now complain that the Board found that the comparative analysis made by applicants' evidence was not impressive to the Board.
Judgment reversed and cause remanded with directions to dismiss plaintiffs' complaint.
ENOCH and BERMAN, JJ., concur.