## No. 11,213.

SCHOOL DISTRICT NO. 1, DENVER, ET AL. *v*. KENNEY.

Decided June 1, 1925.

Action in damages for personal injuries. Judgment for plaintiff.

*Affirmed in Part.*

*Reversed in Part.*

*On Application for Supersedeas.*

1. NEGLIGENCE—*Jury Question—Review.* Although the appellate court may reach a different conclusion from that formed by the jury as to whether an act is negligent or not, if their decision is not so obviously wrong that reasonable men may not differ on it, the verdict will not be disturbed.

2. *Owner—Contractor—Liability.* A company installing a heating system for a school district held to be an independent contractor and the district not liable for its negligence in leaving a radiator in such a position that it fell upon and injured a child, it appearing that the district had no control over the manner of doing the work.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. F. W. Sanborn, Mr. Herbert M. Munroe, Mr. John T. Dugan, for plaintiffs in error.

Mr. Henry V. Johnson, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

Kenney had a verdict and judgment against the district and the McCarty-Johnson Heating and Engineering Company for personal injuries caused by their negligence, and they bring error.

The district employed the company to install a heating apparatus in an addition to the Columbia School. A radiator which weighed about eight hundred pounds was by the contractor left standing on end on a cement sidewalk adjoining the school. The end had bosses which made it possible to rock it to and fro. The plaintiff, a pupil in the school, 13 years of age and of more than average intelligence for that age, with other boys was rocking it when it fell toward him, caught him under it and broke his leg. The negligence charged is in leaving a dangerous thing so as to be seen by and accessible to children on the principle of the turntable cases.

The first point for reversal is that no negligence is shown. The question whether so leaving the radiator was in exercise of ordinary care and prudence was left to the jury, and they said it was not. We may and do differ with them, but their decision is not so obviously wrong that reasonable men may not differ on it and therefore we must let it stand.

Second, it is said that the plaintiff was guilty of contributory negligence. We think he was, but it is not so certain that reasonable men may not differ about it, and we must let the verdict stand.

Third, it is claimed that the company was an independent contractor, and so the district is not liable. This is

right.   The contract gives the district no control over the manner of the work.   The provisions that this and that shall be done as the engineer directs refer to the results and not to the manner of accomplishing them.   *Denver v. Rhodes,* 9 Colo. 554, 13 Pac. 729, is cited but in that case the wrong was in so digging a ditch to lay a sewer that the waters of a sudden storm were dammed and set back and flooded plaintiff's cellar, the contract required the contractor to "conform  *  *  *  to all the engineer's  *  *  * instructions as to the *mode* of doing the same."   The doing of the work in the manner which he directed or permitted caused the injury.   No such provision appears in the contract now in question.   The terms are the ordinary ones in building contracts.   The contractor has full control over the *mode* of his work and the district is not responsible if the mode is negligent or if he fails in due care in doing it. This makes it unnecessary to consider whether the district is liable for negligence at all.

The judgment against the district is reversed with directions to enter judgment for defendant.   The judgment against the company is affirmed.   The supersedeas is denied.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.