## No. 14,612.

PETERS *v.* SCHILLIG-SCOTT LUMBER COMPANY.
(111 P. [2d] 898)

Decided March 3, 1941. Rehearing denied March 31, 1941.

Messrs. PERSHING, NYE, BOSWORTH & DICK, Mr. MARCUS C. LEH, Mr. SAMUEL S. SHERMAN, JR., for plaintiff in error.

Messrs. SAUTER & SANDHOUSE, for defendant in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is an action for damages based upon the alleged negligence of defendant in error in constructing and maintaining a defective and dangerous means of entrance to and exit from its business premises. The parties to the action are here in the same relative capacity as they appeared in the court below, and for convenience reference will hereinafter be made to them as plaintiff and defendant. Defendant filed a general demurrer to the complaint, which was sustained. Plaintiff elected to stand upon her complaint, which election was followed in due course by a dismissal, and entry of judgment in favor of defendant.

The record discloses that the sole question before us for determination is the adequacy of averment of facts in the complaint, as to the negligence of defendant, to state a cause of action. In considering a general demurrer on this ground, it is the settled rule that all well-pleaded facts must be accepted as true.

The pertinent portions of the allegations of the complaint herein are as follows:

"II

"At all such times hereinafter mentioned defendant operated and conducted on said premises a general lumber sales business, and in conducting said business used and maintained on said property for the accommodation of its customers a one-story office building. A general and main entrance way to the said office building was maintained by defendant for the use of its customers on the northerly end of the said building opening onto the public sidewalk as projected to the

northerly edge of said building and running parallel to and along the southerly side of said Chestnut Street. In said entrance way defendant maintained a wooden door thirty-six inches in width, set flush with the inner edge of the said northerly wall and opening into said building. Approximately eight inches from said door and set flush with the outer edge of said northerly wall defendant maintained in said entrance way a screen door of similar dimensions as said wooden door. Said screen door opened outward over the sidewalk projected as aforesaid and over a cement step hereinafter more particularly described and located immediately below said entrance way. A base or wooden framework approximately seven inches in height extended along the bottom of said screen door in such a manner that it totally obscured from view from within said office building the said cement step hereinafter described. Beneath said wooden and screen doors a combination wood and cement sill extended outward on an eight and one-third per cent downward slope toward said sidewalk a distance of approximately twelve inches. Descending from said sill, approximately four and one-half inches below the outer edge thereof, defendant had constructed and maintained upon said sidewalk projected as aforesaid a cement step approximately sixty-four inches in length, twenty inches in width and five and one-half inches in height. Both the cement portions of said sill and said step, constructed as aforesaid, were by defendant calculated to and did in fact match in shade and color the material and surface of said public sidewalk as projected to the building line, and, as so constructed in the manner, fashion and design aforesaid, said entrance way, sill and step were dangerous hazards and unsafe for use by plaintiff and others visiting said office building for the purpose of doing business with defendant, and constituted a concealed peril and pitfall.

## "III

"On or about the 27th day of August, 1937, plaintiff, acting as agent and under the express authorization and direction of her husband, R. W. Peters, visited said office building for the purpose of carrying on certain business connected with the purchase of materials from defendant by the said R. W. Peters, which business was on said date transacted by plaintiff with defendant in said building. On said occasion plaintiff was ignorant and unaware of the dangerous and unsafe condition of said entrance way and had never before visited said office building. After concluding her business with defendant as aforesaid plaintiff attempted to depart from said office through said entrance way. She proceeded with due care and caution through the doorway and pushed open ahead of her the screen door aforesaid; because of the framework along the bottom of said screen door constructed in the manner hereinabove described, plaintiff was unable to and did not see the outer edge of the cement step located immediately below said entrance way. Plaintiff stepped down from the slanting sill in said entrance way upon the surface of the step below and, believing herself to be upon the public cement sidewalk projected as aforesaid, commenced to walk away from said building. On arriving at the edge of said step plaintiff, while still in the exercise of due care and caution, stepped off the end thereof and stumbled and fell on the sidewalk below, projected as aforesaid, and thereby incurred severe and grievous injuries as hereinbelow set forth.

## "IV

"Said fall was caused solely and proximately by the carelessness and negligence of defendant in that it knew, or, in the exercise of reasonable care and diligence, could and should have known of the dangerous and unsafe condition of said entrance way, sill and step, constructed and maintained by defendant in the manner

and fashion hereinabove set forth, and in that defendant kept and maintained said entrance way, sill and step in the dangerous and unsafe condition aforesaid, unguarded, and without any sort of warning of its presence, and in that defendant did not in any manner make the said entrance way, sill and step which were in the hazardous and dangerous condition aforesaid, reasonably safe at the place of said accident for plaintiff and others conducting business with defendant and using said entrance way, sill and step to enter into and depart from said office building."

There is here no dispute as to the liability of the owner of business premises for bodily harm caused to such persons as enter thereon by his express or implied invitation and resulting from unsafe conditions. The principle involved is stated with some particularity in Restatement of the Law—Torts and Negligence, section 343, as follows:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he

"(a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and

"(b) has no reason to believe that they will discover the condition or realize the risk involved therein, and

"(c) invites or permits them to enter or remain upon the land without exercising reasonable care.

"(i) to make the condition reasonably safe or

"(ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility."

Briefly stated, the negligence upon which plaintiff relies, and as set out in her brief, is as follows:

"1. The existence of an entrance way dangerous

in character because of a door sill slanting downward at the rate of eight and one-third per cent with a step-off immediately below.

"2. The existence of a solid wooden framework along the bottom of the screen door set in the entrance way and opening outward, constructed in such a manner as to conceal the character of the sill and step at the threshold of the entrance way.

"3. The construction of a sill and step of material identical in character, color and design with an extension of the public sidewalk upon which the entrance way opened from the office in which the defendant conducted and transacted its general business."

 It should be especially noted that it is alleged that the dangerous hazards existing at the entrance to the place of business of defendant "constituted a concealed peril and pitfall." Without going into a detailed analysis of the allegations set forth above, in our opinion the question whether the complaint before us states facts sufficient to constitute actionable negligence cannot be disposed of by a black-or-white answer. There also are shades of grey which require consideration. Only when a black-or-white answer can be made to such a problem is it a matter for court determination. Expressed differently, when reasonable minds differ on the answer the issue of negligence must be left for determination by a jury. *School District v. Kenney,* 77 Colo. 429, 236 Pac. 1012. We have no doubt that the learned trial judge clearly was of the opinion that the facts alleged in the complaint did not constitute actionable negligence. The test, however, is not the opinion of the trial court, but the unanimity of reasonable minds. We at least are in doubt on this issue, and therefore must hold that the question is one for jury determination. *Colorado Central R. R. Co. v. Martin,* 7 Colo. 592, 599, 4 Pac. 1118. Plaintiff cites a number of cases involving facts of somewhat similar import, in which it was held that actionable negligence existed:

*Touhy v. Owl Drug Co.,* 6 Cal. App. (2d) 64, 44 P. (2d) 405; *Long v. John Breuner Co.,* 36 Cal. App. 630, 172 Pac. 1132; *Crouse v. Stacy-Trent Co.,* 110 N. J. L. 124, 164 Atl. 294; *Roach v. Wells Fargo Bank & Union Trust Co.,* 102 Cal. App. 380, 282 Pac. 967; *Cannon v. S. S. Kresge Co.,* 233 Mo. App. 173, 116 S.W. (2d) 559; *Purdy v. Loew's St. Louis Realty & Amusement Corp.,* 220 Mo. App. 854, 294 S.W. 751; *Hanley v. James Butler, Inc.,* 167 App. Div. 329, 153 N.Y.S. 39; *Sisney v. Wallk,* 293 Ill. App. 638, 12 N.E. (2d) 23.

■ Counsel for defendant, to support their contention of failure to allege negligence, primarily rely on the case of *Watkins v. Piggly-Wiggly Bird Co.,* 31 F. (2d) 889. The facts alleged in that case are somewhat, but not entirely, analogous to those pleaded in the instant litigation. There is this difference: No concealment of the hazard was alleged there, as here. Additionally, allegations relating to the downward slant of the sill and the matching color and design of the material of the sill and step with that of the public sidewalk were not present in the Watkins case. Whatever the determination in that case, we cannot accept it as an authority in support of the contention of counsel for defendant that no actionable negligence is alleged in the complaint here under consideration.

■ Counsel for defendant also contend that acts of plaintiff, as alleged in the complaint, constitute contributory negligence on her part. In our opinion, there is no factual basis in the complaint from which we could, as a matter of law, determine the question of contributory negligence, nor did the trial court make such an attempt. Its decision rested solely on the question of failure to allege negligence on the part of defendant. The question of contributory negligence also, under the circumstances, is a proper issue for determination by a jury. Error was committed in sustaining the demurrer to the complaint.

The judgment is reversed and the case remanded with directions to overrule the demurrer, and for further proceedings in accordance with law.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur.