No. 16,074.

SWANSON ET AL. *v.* MARTIN.

(209 P. [2d] 917)

Decided August 10, 1949.   Rehearing denied September 14, 1949.

Mr. BENJAMIN C. HILLIARD, JR., Mr. BERNARD E. EN-GLER, Mr. BARKLEY L. CLANAHAN, for plaintiffs in error.

Mr. DARWIN D. COIT, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE parties appear here in the same order as they appeared in the trial court and will be referred to as plaintiffs and defendant.

The action is in tort for damages allegedly sustained by plaintiffs resulting from an automobile collision on U. S. Highway 87 in Boulder County, Colorado. The defendant by answer set up a general denial. At the conclusion of the evidence the defendant moved for a directed verdict upon the ground that as a matter of law the undisputed evidence proved that the defendant was not guilty of any negligence which could have contributed to, or was the proximate cause of, the accident. The motion for directed verdict in favor of defendant was granted and judgment entered accordingly. Plaintiffs seek review by writ of error.

On June 16, 1946, defendant, an experienced driver, was motoring north on U. S. Highway 87 at a point about three miles south of Lafayette, Colorado. Plaintiffs were occupants of the Swanson car which was traveling south toward Denver. There was a head-on collision between the two cars, the point of impact being ninety-two feet north of a railroad crossing. One, Ila J. Griffin, riding in the front seat of the Swanson car was killed, and plaintiff Blomberg sues for damages for wrongful death. Plaintiff Mooseberg, a passenger in the Swanson car, and plaintiff Swanson, the driver, were injured in said accident and seek damages on account thereof.

It was daylight when the accident occurred and no condition of weather or slickness of the highway is involved. Admittedly the collision occurred on the west side of the highway, the right rear wheel of defendant's car being two feet west of the center line thereof, and the left front wheel of defendant's car being about two feet from the west edge of the paved portion of the highway.

The defendant testified that upon crossing the railroad track, which she knew to be rough, the left front side of

her car dropped down with a thud; that the wheel of the car was wrenched from her grasp and her arm was then broken; and that after crossing the track she had no control over the car she was driving and no opportunity whatever to avoid the accident. After the collision the left front spring of defendant's automobile was found to be broken. This spring was unquestionably partially broken for some time prior to the accident creating a latent defect therein. Examination of the spring after the collision clearly showed an old partial break and a fresh break of a portion thereof. Defendant asserts that the evidence is undisputed, that the latently defective spring as a matter of law must have broken at the crossing, and that her car was placed on the wrong side of the road without negligence or fault on her part and because of circumstances entirely beyond her control. It is certain that the impact of the cars took place within between one and two seconds of the time defendant crossed the railroad track.

Plaintiffs insist that although the oral testimony of defendant is not disputed by other oral testimony, "Numerous questions of physical fact were in dispute. In fact there were incontrovertible physical facts that should have been resolved in favor of the plaintiffs," and argue that upon the question of negligence of the defendant different intelligent minds might honestly reach different conclusions from a consideration of all the facts and circumstances, and that there was sufficient dispute in the evidence to warrant a consideration by the jury. Plaintiffs urge that the jury should have passed upon the following questions: 1. Whether the speed of defendant's car was excessive. 2. Whether the spring. broke at the crossing or at the time of the collision. 3. Whether the absence of skid marks disproved the contention of defendant that the broken spring caused her car to swerve sharply to the left at the time she passed over the railroad crossing. 4. Whether defendant was

negligent in failing to return to her own side of the road when she realized her peril.

There is but one question to be determined here and that is:

*Was defendant's explanation of her presence on the wrong side of the road so conclusive under the circumstances here present that as a matter of law no logical inference of negligence on her part could be drawn warranting a verdict for the plaintiffs?*

■■ This question must be answered in the negative. It is of course fundamental that it is the sole province of the jury to determine issues of fact where there exists a conflict with regard thereto. It is also true that a court is not bound to accept a statement as true because there is no direct testimony contradicting it. In the case of *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120, it was contended that, since no testimony was there offered in contradiction of defendant's testimony relating to the purchase of an automobile, it was error to submit that question to the jury. In answering that contention the Court of Appeals said: "It ought to require no authority to support our conclusion as already announced, viz., that the testimony of a party to a suit, upon an issue raised by the pleadings, does not, as a matter of law, establish the truth, and take from the jury the right and the duty to determine the issue concerning which he testifies, even though no evidence in contradiction thereof be produced on the trial." Cases are there cited supporting the rule. The Court of Appeals quotes from Thompson on Trials, section 2287, as follows: "But where the plaintiff makes out a case by undisputed testimony, it is not error to instruct the jury that *if they believe such testimony,* to find for the plaintiff, and to point out to them that the defendant has seen fit to offer no contravailing testimony. But under any theory of the relative provinces of court and jury, where there are questions of fact for the determination of the jury, it is error, even in those jurisdictions where

the court is allowed to sum up the evidence, to give a charge which virtually decides the questions of fact, and withdraws them from the consideration of the jury."

In the more recent case of *United Brotherhood of Carpenters and Joiners of America, Local Union No. 55, v. Salter,* 114 Colo. 513, 167 P. (2d) 954, we said: "In the case before us the court or jury was not required to accept plaintiff's testimony as to defendant's condition and his knowledge thereof as establishing the truth of the facts to which such testimony was directed, even though it is not contradicted by other direct evidence. *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120; *Nelson v. Lunt,* 74 Colo. 265, 220 Pac. 1006. Reasonable inferences from circumstances tending to discredit or weaken such testimony should be considered."

▮ In *Phillips et al. v. Denver City Tramway Co.,* 53 Colo. 458, 128 Pac. 460, we said: "The question whether such contributory negligence has been proven is usually one for the jury. Under all the authorities, it is only in the clearest of cases, when the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is ever one of law for the court. *Denver Co. v. Wright,* 47 Colo. 366; *Colo. Co. v. Chiles,* 50 Colo. 191; *Williams v. Sleepy Hollow M. Co.,* 37 Colo. 62."

From Shearman and Redfield on Negligence (Rev. ed.) vol. 1, p. 111, §42, we quote: "The question of negligence must be submitted to the jury * * * where there is room for difference of opinion between reasonable men as to the inferences which might fairly be drawn from conceded facts."

We do not consider this case to be one so free from contradicted evidence as to warrant the determination that as a matter of law there was no negligence on the part of defendant. It cannot be said with certainty that the left front spring of defendant's automobile broke at the railroad crossing rather than by the force of the collision of the cars. Reasonable and intelligent minds

might well infer that the defendant failed to take reasonable precautions in approaching a crossing known by her to be rough, and that by reason thereof her car was placed on the wrong side of the road. The physical facts surrounding the accident, including the absence of skid marks on the pavement, considered in the light of the evidence of witnesses, might give rise to a difference of opinion in the minds of reasonable men concerning the cause of the collision.

, In *Temple v. De Mirjian et al.*, 51 Cal. App. (2d) 559, 125 P. (2d) 544, the defendant explained the presence of his motor vehicle on the wrong side of the road by stating that just before the accident his truck began to wander toward the middle of the road and that he was unable to control the steering mechanism. After the accident the steering gear was shown to have been broken. The California Court of Appeals, in affirming the judgment there states: "From the manner in which the trucks collided the jury might well have inferred that the steering gear was broken by the force of the impact rather than by some other cause prior to the accident." To like effect is the case of *Lauber v. Lyon*, 188 Wash. 644, 63 P. (2d) 389.

The plaintiffs, under the facts here present, had the right to a jury's determination upon the credibility of defendant's explanation and the facts concerning the cause of the collision, and the trial court erred in directing a verdict for the defendant. The judgment is reversed and cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE ALTER and MR. JUSTICE HAYS concur.