No. 18,750.

VETARA WEEKS BAILEY *v*. KING SOOPERS, INC.
(350 P. [2d] 810)

Decided April 4, 1960.

Messrs. HACKETHAL & MCNEILL, for plaintiff in error.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as Mrs. Bailey, filed her complaint in the trial court against defendant in error, hereinafter referred to as the corporation, in which she sought to recover damages for personal injuries allegedly sustained as a result of the negligence of the corporation.

A jury was impaneled to try the cause.

At the conclusion of the evidence offered by Mrs. Bailey, the court granted the motion for a directed verdict which was made by counsel for the corporation, and entered judgment accordingly. Mrs. Bailey is here by writ of error to review said judgment.

The corporation operates a market in connection with which it maintains a parking lot. Mrs. Bailey alleged in her complaint that she was a business customer and invitee of the corporation; that on February 22, 1955, she fell on said lot which the corporation negligently maintained in a "dangerously icy and slippery condition"; that she suffered a severe fracture of her leg; by reason of which she incurred medical expense and other damages for which she sought to recover the total sum of $17,500.00.

The corporation denied material allegations of the complaint; and affirmatively alleged contributory negligence and unavoidable accident.

The court concluded that the evidence offered by Mrs. Bailey, considered in a light most favorable to her, failed to establish negligence on the part of the corporation; failed to establish notice to the corporation of the dangerous condition complained of; and failed to establish that she was an invitee upon the premises.

No good purpose would be served in detailing the evidence. Suffice it to say that the recent case of *King Soopers v. Mitchell,* 140 Colo. 119, 342 P. (2d) 1006, decided since the instant case was tried, involved similar facts. In that case it was held that no error was committed by the trial court in submitting the pertinent issues to the jury.

We think the following language quoted from *Swanson v. Martin,* 120 Colo. 361, 209 P. (2d) 917, is applicable in the instant case:

"It is only in the clearest of cases, when the facts are undisputed *and it is plain that all intelligent men can draw but one inference from them,* that the question is ever one for the court." (Emphasis supplied.)

In the instant case there was evidence upon all controlling questions, namely negligence of the corporation; notice to the corporation, whether Mrs. Bailey was an invitee or a licensee; and whether her own evidence established contributory negligence, from which different inferences might be drawn by men of integrity and intelligence. Under such circumstances the jury should be permitted to draw their own inferences from the evidence.

The trial court erred in directing a verdict for the defendant.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.