No. 20583.

CLARENCE GIANARELLI AND RAMONA GIANARELLI *v.*
SAFEWAY STORES, INC.
(402 P.2d 645)

Decided June 1, 1965.     Rehearing denied June 21, 1965.

R. GEORGE SILVOLA, for plaintiffs in error.

HORN, ANDERSON & JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THIS action arose out of a slip and fall on premises operated by Safeway Stores, Inc. Clarence and Ramona were husband and wife, and each sought to recover damages alleged to have resulted to them respectively from the physical injuries sustained by Ramona.

At the close of their case, the trial court directed the verdict against them and in favor of Safeway Stores. In its ruling the trial court discussed the law applicable to cases of the character under consideration, observing "that there must be an existing danger which perhaps did exist in this particular case." It found, however, that the element of knowledge, either actual or constructive, was lacking, as was a showing that Safeway Stores had an opportunity to correct the condition.

The trial court found that Ramona "had actual knowledge of the condition on the floor on which she stepped," and that she was guilty of contributory negligence. Her testimony was the only evidence directly on the point. She testified she stepped over a puddle that she had observed, and in doing so stepped in one she did not see, with resultant injury.

An order dispensing with a motion for new trial was entered. From the ensuing adverse judgment the Gianarellis instituted review proceedings by writ of error. They contend that the trial court erroneously directed a verdict in favor of Safeway Stores.

The record discloses that Safeway Stores operated the grocery store in question in Colorado Springs, maintaining an adjacent parking lot for the convenience of its customers. On March 1, 1960, at about 9:30 A.M., Ramona parked her car in the parking lot, which had

become blanketed with snow from precipitation during the previous night and that morning.

Leaving her car, Ramona walked in a car track to a sidewalk to avoid the loose snow and entered the store premises via an automated "in" door. She was carrying two cartons of empty pop bottles. Upon entering, she "stomped" her feet on a rubber mat located just inside the door.

As she stepped from the mat she observed a puddle of water with melting snow in it, but did not see a second similar puddle in which she stepped, causing her to fall to her serious injury. Ramona fell not more than eight to ten feet from a check stand attended by a Safeway employee, who was not at the time serving any customer and whose view was not in any way obstructed.

It was a cold day. Snow had been on the floor for a sufficient length of time to have largely melted. That afternoon the manager of the store had, in the course of a discussion with Clarence, stated that "he couldn't clean up behind everybody that came in."

The trial court was obligated to view this evidence in its most favorable aspects to the Gianarellis in determining the propriety of Safeway Stores' motion for a directed verdict. *Bailey v. King Soopers,* 142 Colo. 338, 350 P.2d) 810. It is only in the clearest cases, where the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is for the court. *Bailey v. King Soopers, supra; Parker v. Denver,* 128 Colo. 355, 262 P.2d 553; *Swanson v. Martin,* 120 Colo. 361, 209 P.2d 917.

This Court, in *King Soopers v. Mitchell,* 140 Colo. 119, 342 P.2d 1006, set out the law applicable to this case:

"The Restatement of the Law of Torts, Sec. 343, sets forth the standards applicable to the relationship of landowner and business visitor with respect to a hazardous condition (as distinguished from active forces). It

declares that the landowner is subject to liability for harm caused by the natural or artificial condition if (a) he knows or by the exercise of reasonable care could discover the condition, (b) has no reason to believe that the condition will be discovered, (c) invites entry upon the land without (1) making the condition safe, or (2) giving a warning. On the subject now before us, that is, the extent of the duty of the landowner to discover dangers, the authors declare (under comment (a), Sec. 343, p. 939):

" '* * * Such a visitor is entitled to expect that the possessor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions.'

"Our cases also recognize that the landowner, in discharging his duty to a business visitor, is obligated to exercise reasonable care to *discover* perils. *John Thompson Grocery Co. v. Phillips,* 22 Colo. App. 428, 125 Pac. 563; *Peters v. Schillig-Scott Lumber Co.* 107 Colo. 310, 111 P.2d 898; *Rudolph v. Elder,* 105 Colo. 105, 95 P.2d 827; *Scott v. Greeley Joslin's Store Co.,* 125 Colo. 367, 243 P.2d 394. This duty of discovery is not satisfied by the simple expedient seemingly followed here of ignoring the hazard."

The above authority is clearly applicable here. The snow conditions were known; snow clings to footwear; it melts, causing slippery conditions. The manager could not simply ignore these facts by saying he could not clean up behind everybody and then claim lack of notice. An idle attendant at a check stand who may or could have observed the condition is another factor to be considered. This evidence presented a jury question.

■ Safeway argues that plaintiff was guilty of contributory negligence where she stepped over one puddle of water into another. Could it not be just as easily said she was exercising due care? The question of contributory negligence should have been submitted to the

jury along with the other disputed matters. *Bailey v. King Soopers, supra.*

The judgment of the lower court is reversed with directions to grant a new trial.

MR. JUSTICE MOORE and MR. JUSTICE MCWILLIAMS dissent.

MR. JUSTICE MCWILLIAMS dissenting:

Without going into any great detail, I differ with the majority of this Court in their appraisal and evaluation of the evidence adduced by the plaintiff bearing upon the issue of constructive knowledge by the defendant of the existence of a "puddle of water with melting snow in it." The majority hold that there is sufficient evidence in this regard to require submission of this issue to the jury. In my considered view the evidence in this regard is legally insufficient and the trial court under such circumstance committed no error in directing the jury to return a verdict in favor of the defendant.

I would hold that the present controversy is governed by *Denver Dry Goods Company v. Pender,* 128 Colo. 281, 262 P.2d 257 and *F. W. Woolworth Company v. Peet,* 132 Colo. 11, 284 P.2d 659.

MR. JUSTICE MOORE has authorized me to state that he joins in this dissent.