Opinion by
Mr. Justice Frantz.
Miss Copeland sustained injuries as a result of being hit by a door while shopping in Kaufman’s store on December 23, 1961, and sought satisfaction in her suit for damages. From the judgment entered pursuant to a directed verdict in favor of Kaufman’s, Miss Copeland instituted review proceedings by writ of error.
Miss Copeland was inspecting coats on a rack when she was struck in the back by a door opened by an unidentified person. The door blended with the wall in which it was framed, had no distinguishing characteristics other than an inconspicuous doorknob, and was not used by patrons for ingress or egress.
According to Miss Copeland, the trial court failed to properly evaluate her complaint, the pre-trial order, and the evidence adduced in support of her claim when it placed an unwarranted astringent construction on these sequential steps of the proceeding. Its peremptory charge to the jury logically followed its constricted view of these matters.
Central to the trial court’s ruling were its notions that there was no proof that an employee of Kaufman’s had opened the door which struck Miss Copeland, and *371 that such proof was necessary. Miss Copeland challenges the efficacy of these notions in face of the record made in the trial court.
It is argued by Kaufman’s that the lower court did not err, because (1) the pleadings and pre-trial order predicate liability upon the premise that the door was opened by Kaufman’s agent or employee, not demonstrated by the evidence; and (2) in any event, there was insufficient evidence as a matter of law to submit the case to the jury.
The critical paragraph of the complaint is as follows:
“3. That on the aforesaid date and at the aforesaid place the Plaintiff was struck in the back and injured, which injuries were the direct result of and were proximately caused by the negligence of an agent of the Defendant corporation in opening a concealed door without warning.”
The pre-trial order, issued by the court and approved by both parties, in delineating the issues to be litigated, stated in part as follows:
“f. Was the negligence of the Defendant or its agent or employee the proximate cause of Plaintiff’s injury and damages.” (Emphasis supplied.)
We held in Ferguson v. Hurford, 132 Colo. 507, 290 P.2d 229, that the pre-trial order controls the subsequent course in the action unless the court, at trial, modifies the same to prevent manifest injustice. “Effective use of the pre-trial can and does contribute much in meeting the problems of mounting congestion in the trial courts, but in the application of the pre-trial rule, we must be careful that devotion to the task does not lead us to deprive a litigant of his right to a trial.” Glisan v. Kurth, 153 Colo. 102, 384 P.2d 946. The pre-trial order here is not so narrow in its scope that it binds Miss Copeland to the single issue of agency; indeed, it is sufficiently broad to permit consideration of negligence, whether it be that of Kaufman’s or its agents. To give it the narrow scope given it by the trial court would not *372 only do violence to our concept of pre-trial procedure but also to the ordinary use of the English language.
Was there, then, justification for taking the case away from the jury? It is only in the clearest cases, where the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is for the court. Bailey v. King Soopers, 142 Colo. 338, 350 P.2d 810; Parker v. Denver, 128 Colo. 355, 262 P.2d 553; Swanson v. Martin, 120 Colo. 361, 209 P.2d 917.
The pre-trial order admitted, and required no proof, that Miss Copeland was an invitee; it follows she had that status at the time of her injury. Indeed, the evidence left no doubt that she was an invitee, and it was consistent with the pre-trial order.
Kaufman’s had a duty of exercising ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business in a reasonably safe condition for use by the persons thus entering, and to warn them of dangerous conditions upon the premises which were known or which reasonably should have been known to Kaufman’s but not to them. Home Public Market v. Newrock, 111 Colo. 428, 142 P.2d 272. The owner of business premises owes a duty to one who comes to the premises, to protect the invitee not only against dangers known to the owner, but also against those which with reasonable care he might discover. Drake v. Lerner Shops of Colorado, 145 Colo. 1, 357 P.2d 624. See also Mitchell v. King Soopers, 140 Colo. 119, 342 P.2d 1006.
The annotator in 16 A.L.R.2d 117 states the law applicable to the particular phase here involved in these words:
“The fact that a door swings into an aisle, corridor, or stairway, where persons are likely to be standing or passing without being aware of any danger of being struck upon the opening of such a door, may be sufficient to present at least a question for the jury as to *373 the negligence of the owner or occupant of the particular building in maintaining the door in such a position.”
A case pointing to the right resolution of our problem is that of McDermott v. Sallaway, 198 Mass. 517, 85 N.E. 422, 21 L.R.A.N.S. 456, from which we quote:
“Patrons of shops cannot be oblivious to the existence of doors and the possibility that they may be used. They must maintain a reasonable outlook for the condition of the premises, and govern themselves accordingly. But in the place where the proprietor displays goods for sale, whether upon permanent counters or in the hands of his servant, customers may reasonably expect, unless warned, to be in safety, not only while making examination or bargain, but also while waiting for the delivery of purchases. Where space for the public is as narrow as in the present case, it cannot be said as a matter of law that the plaintiff was negligent in failing to observe the door, and to apprehend that it was likely to be opened upon her with such force as to throw her forward while, in reliance upon the invitation of the defendant and without warning, she was dealing with his agent.”
Another case which we deem in point is that of Ford v. John Wanamaker, 165 App. Div. 284, 150 N.Y. Supp. 795, which contains the following instructive language:
“. . . for we are of the opinion that it cannot be said as a matter of law that it was not negligence for the defendant to maintain a door so close to an aisle or passageway in its store, where it invites the public to purchase its wares, that shoppers are in danger of being struck by a swinging door while passing along what, under the arrangements and construction of the store, appears to be an aisle leading to counters where goods are displayed for sale.”
From the foregoing, it is evident that there is a hypothesis upon which Miss Copeland could recover. The matter should have been submitted to the jury. The *374 action of the lower court is reversed, with directions to grant a new trial.
Mr. Justice Sutton and Mr. Justice Day concur.