No. 21390.

METROPOLITAN INDUSTRIAL BANK *v.* GREAT WESTERN
PRODUCTS CORPORATION, ET AL., AND CENTRAL
CREDIT CORPORATION.
(405 P.2d 944)

Decided September 20, 1965.    Rehearing denied October 11, 1965.

LESLIE A. GROSS, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error, to which we will refer as the Bank, seeks reversal of the trial court judgment discharging as garnishee the defendant in error Central Credit Corporation, hereinafter referred to as Central. The garnishment was sought in aid of suit against the alleged debtor Rubenstein, another of the defendants in error.

The Bank alleges, with some merit, that the order of the trial court is erroneous. It is true that the order dismissing the garnishment did not contain any findings of fact or conclusions of law, and the "reasons" given by the court for dismissal could not in the manner and form as orally announced from the bench support the judgment. Nevertheless, the judgment of the trial court is correct and should be affirmed as the garnishment could not, under the record, be sustained. Therefore, if the court arrives at the correct result, although for the wrong reasons, we will not remand to the trial court for correct findings. *Public Employees' Retirement Association of Colorado, et al. v. Johnson,* 153 Colo. 239, 385 P.2d 415. See also *Denver-Albuquerque Motor Transport, Inc. v. Galligan, etc.,* 145 Colo. 71, 358 P.2d 28; *Lawyers Title Insurance Corporation v. Frieder, et al.,* 147 Colo. 44, 362 P.2d 555.

The garnishee answered that it had no funds or property of the debtor Rubenstein and owed him nothing. This answer was traversed by the Bank, and trial was had thereon to the court.

The issues framed by a traverse to a garnishee's answer must be proved by the plaintiff. As was stated in *General Accident Fire and Life Assurance Corporation v. Mitchell,* 120 Colo. 531, 211 P.2d 551, the burden is upon the plaintiff to show garnishable debt as well as the *amount* of the garnishee's indebtedness to the

defendant, and also that the garnishee has *property* or *funds* of the debtor in his hands subject to the demands of the plaintiff in the action and *of such character that the defendant* himself could *compel the payment* or *delivery* thereof in an action brought for that purpose.

A reading of the record in this case establishes that there was no proof, much less a preponderance of the evidence, that the garnishee had any funds or property of the debtor in his hands which ought to be paid over or delivered to the court for the plaintiff's judgment. There was a conflict as to whether Central had purchased the cars or had merely loaned money on them; but giving the Bank the full benefit of its theory, the evidence, at least, established that Central had a "floor plan" loan on twenty-two cars belonging to Rubenstein and had paid out approximately $15,000 to Rubenstein. The Bank asserted the theory of a "floor plan" because Rubenstein kept possession of the cars and did not transfer title to Central. Assuming again, on the theory contended for by the Bank, that there was an equity in the twenty-two cars and they could be sold for an amount in excess of that owed to Central on the "floor plan" loan, this does not show a debt owing from Central to Rubenstein. Central did not own the equity on the cars, Rubenstein did. There were, therefore, no funds and no fixed amount established which Rubenstein himself could compel Central to pay to him, and which should be paid over to his creditor Bank.

On the contention of the Bank that Central held personal property of Rubenstein in the nature of certificates of title on the twenty-two cars and should deliver these titles to the Bank, such a position is not tenable. If this was a sale, the titles were owned by Central outright. If this was a loan, then Central was entitled to keep these titles as security for its loan; it was not required to deliver them back to Rubenstein until Rubenstein paid his loan. Such papers were, therefore, not of such character as Rubenstein himself could de-

mand. If the Bank's theory of a "floor plan" loan by Central rather than a sale to it was seriously asserted, there is no showing in this record that the Bank ever intended to or ever offered to pay Central what was owed it on the "floor plan" loan. Also, the Bank made no effort to attach the cars in the possession of Rubenstein, and it was explained to the court that this remedy was avoided because of the problem of storing and disposing of the cars.

■ There being no proof to support the traverse of the garnishee answer, dismissal of the garnishee was mandatory.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ not participating.