No. 22346.

WILLIAM C. RICE AND EVELYN T. RICE *v.* MARGARETTE
GROAT.
(449 P.2d 355)

Decided January 13, 1969. Rehearing denied February 3, 1969.

WALTER L. GERASH, GEORGE M. MCCLURE, for plaintiffs in error.

BURNETT, WATSON & HORAN, MYRON H. BURNETT, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE parties appear here in the same order as in the trial court.

A rear-end motor vehicular accident is involved, the defendant having driven into the rear of the plaintiffs' vehicle. The trial court directed a verdict in favor of the plaintiffs on the question of liability and submitted the matter of damages to the jury. The jury returned a verdict in favor of the plaintiff husband for $1200 and in favor of the plaintiff wife for $17,800. The defendant moved for a new trial on the grounds, among others, that the court erred in directing the verdict on the

question of liability and that the verdicts were excessive. The trial judge granted the motion for new trial on the ground that the verdicts were excessive, stating that he was convinced that he had been correct in directing a verdict on the question of liability. While we do not find the matter in the record, both sides state that the court ordered that the new trial be on all issues; and we treat the matter as if there were such an order in the record.

The court set a date for the new trial. At that time counsel for the plaintiffs announced that he was going to "stand on the verdict and get dismissed and then go right up." He further stated:

"* * * we do not have the funds or ability to produce witnesses on behalf of the plaintiff in this second trial. This is not the only reason. This is the primary reason why we cannot go forward; but the other reason is we feel that *Chartier v. the Crane Service Co.* in 142 Colorado, I believe, is still the law, in that a plaintiff, after going through a jury trial, can still preserve any error he feels took place in that trial after he obtains a final judgment. Before these rules all you had to do was to stand on the verdict and get dismissed and then go right up.

"However, we are acceding to the new Rules of Civil Procedure and are present here to try the case."

The plaintiff wife took the stand and testified: that since the first trial a divorce of her marriage had been granted; that she had petitioned to be adjudicated a bankrupt; that she had not paid the expert witness fees of the first trial; and that she was unable to pay such fees for the second trial.

The trial court expressed the opinion that, if it had been correct in granting the motion for new trial, this court "would just affirm the Court's granting the motion for new trial and send it back for a new trial." Counsel for the plaintiffs expressed a contrary opinion, stating, " * * * if we elect to stand on the verdict and

the Supreme Court upholds this Court we have had it * * *." At the suggestion of counsel for the plaintiffs, the court entered a judgment in favor of the defendant for costs.

 The defendant argues that the conduct of the plaintiff at the time the matter was to be retried amounted to a consent to judgment against them and, therefore, there is no right in the plaintiff to pursue the matter further here. On the contrary, we agree with the statement of plaintiffs' counsel to the effect that the rule in *Chartier v. Winslow* 142 Colo. 294, 350 P.2d 1044 is still the law. R.C.P. Colo. 59(g) was amended in 1964 prior to the first trial. As amended, it reads:

"(g) Effect of granting motion. The granting of a motion for a new trial shall not be an appealable order, but a party by participating in the new trial shall not be deemed to have waived any objections to the granting of the motion, and the validity of the order granting the motion may be raised by writ of error after final judgment has been entered in the case."

Prior to the amendment, a party against whom an order granting a new trial had been entered waived any error in the order by participating in the new trial. The amendment merely removed this waiver. It did not change the rule of *Chartier* that a party may decline to participate in a new trial, permit judgment to be entered against him and sue out writ of error for a determination of the correctness of the order granting the new trial.

 The trial court may have been in error in its finding that the damages awarded by the verdict were so excessive as to necessitate a new trial. However, a new trial should have been granted as the issue of liability should have been submitted to the jury. In granting the new trial on all issues the court reached the right result and, therefore, we affirm. *Bank v. Gt. Western Products* 158 Colo. 198, 405 P.2d 944.

The plaintiffs were proceeding in their car south on

Wadsworth Boulevard in Jefferson County at dusk. As mentioned, the defendant was driving the car immediately behind them. As they approached the intersection at West 26th Avenue, the signal light there changed green for south bound traffic and both cars speeded up. The plaintiff husband, who was driving, observed that the car proceeding in the same direction immediately in front of him was stopping. He applied his brakes as did the defendant. The defendant's car struck the rear of the plaintiffs' vehicle and the latter collided with the car immediately in front of it.

There was ample evidence to show negligence on the part of the defendant. However, this was not the sole evidence on the question. A portion of the defendant's testimony is as follows:

"Q. Did you notice anything unusual as you approached the intersection of Wadsworth with West 26th Avenue? And if you did, describe what it was?

A. Well, as I was coming down the hill and this car was immediately ahead of me, the stoplight at 26th and Wadsworth was red on Wadsworth in the direction in which I was going; and the car ahead of me slowed and I also slowed, because it looked like we might stop at the stoplight.

Q. Did you, in fact, stop at the stoplight?

A. No, sir, we did not. The light changed and the car ahead of me then proceeded through the intersection.

Q. And what did you do?

A. I did likewise.

Q. Then what happened?

A. Well, I got just about to the beginning of the intersection, I should say, on my proceeding through; and all of a sudden I saw his brakelights come on, on the car ahead of me — it was a very sudden stop. I had my foot still on the brake pedal and I pushed the brake down just as hard as I could but I hit gravel and I just kept right on going.

Q. How do you mean, you hit gravel?

A. Well, the intersection had this little pea-like gravel that JeffCo puts on for ice, and it had apparently worked into the middle of the intersection or through the intersection. When I hit it my brakes did absolutely nothing on it. My brakes were good because I had used them before. But I hit this gravel and it was so something was propelling me and I realized then what it was. I felt sure that the traffic light had changed at 32nd Avenue. This I knew because I had looked, and I had looked coming down the hill and there was traffic in both lanes, and if I had made a sudden turn I felt I might cause an accident more severe than what I would cause just this way, and I just rode it out.

Q. What did happen?

A. I hit the back of the car that I now know was the Rice car."

The testimony as to the gravel at the intersection was corroborated by the defendant's husband, who arrived at the scene later.

The presence of gravel on the street was controverted by other witnesses and the jury well might have found the defendant negligent. On the other hand, the testimony above quoted and other testimony given by the defendant would be sufficient to support a verdict of nonliability. Therefore, the court erred in directing the verdict on the question of liability. *Gianarelli v. Safeway Stores,* 157 Colo. 342, 402 P.2d 645; *Arps v. Denver,* 82 Colo. 189, 257 P. 1094.

The plaintiff wife sustained a compression of her sixth cervical nerve in this accident and without question was injured. It is quite possible that upon retrial she would have obtained a verdict in her favor. One might wish that she could have another day in court. However, acting through her attorney, she deliberately ran the risk of the result here announced.

Judgment affirmed.

Mr. Chief Justice Moore, Mr. Justice McWilliams and Mr. Justice Pringle dissent.

Mr. Justice McWilliams dissenting:

I disagree with the disposition of this controversy and hence I must dissent. As indicated, the trial court granted the defendant's motion for a new trial on the grounds that "in the opinion of the court" the one plaintiff, William Rice, had failed to prove damages in the amount of $1,200, which was the amount awarded him by the jury. As to the remaining plaintiff, Evelyn Rice, the trial court granted defendant's motion for a new trial on the ground that she "failed to prove damage" in the amount of $17,800, which was the amount awarded her by the jury. In other words, the reason assigned by the trial court for granting the defendant's motion for a new trial was that in each instance "in the opinion of the trial court" the verdict was excessive.

The majority concede that the trial court "may have been in error" in its determination that the verdicts were "so excessive" as to require a new trial. However, the majority choose not to resolve this particular matter and prefer to turn this writ of error on a point which in my view has not been raised in this court. In other words, the majority hold that it was error for the trial court to have directed a verdict in favor of the plaintiffs on the issue of liability, and that for this reason the trial court was correct in thereafter granting the defendant's motion for a new trial.

R.C.P. Colo. 111(f) provides that assignments of cross error shall no longer be filed and suggests that "each" party in his summary of argument shall state "clearly and briefly" the grounds upon which he relies. My examination of the briefs in the instant case fails to disclose that the precise ground upon which the majority decide this case was ever raised by any of the parties in this court. Certainly the issue as to whether this was, or was not, a directed verdict situation on the issue of liability was at the very best only indirectly alluded to by the litigants appearing in this court. I am aware

that this court under 111(f) has the power to notice "any error appearing of record." Be that as it may, I am still reluctant to turn cases on issues that have not been raised and argued before us, and I would not do so in the instant case.

Rather, I prefer to address myself to the issue which was fully argued in this court, namely, did the trial court err in its determination that the verdicts of the jury were excessive and for that reason should be set aside. Let us look first at the injury sustained by William C. Rice.

The evidence was that Mr. Rice complained of pain in the low back and abdomen as a result of the accident, and also that he sustained injury to the scrotum. The jury fixed his damages at the relatively modest sum of $1,200 and I am not prepared to hold that such was grossly and manifestly excessive. Who are we, or a trial court, to say that $1,200 is grossly and manifestly excessive for an injured scrotum? *Res ipsa loquitur!*

The evidence as to the injuries sustained by Evelyn Rice was in conflict. The defendant's witness stated that she sustained a cervical sprain in the accident, but that from a neurological standpoint she sustained no permanent injury. However, Evelyn Rice's witnesses testified that she had a compression of the 6th cervical nerve root on the right side; that her disability was 25% which could be reduced to 5% by surgery; and that surgery was recommended and would cost $1,000. In addition thereto there was testimony as to her pain and suffering; medical and doctor bills of from $200 to $300; and $50 damage to the Rice vehicle. Applying the rationale expressed in *Odell v. Public Service Co.* 158 Colo. 404, 407 P.2d 330 I conclude that the trial court was wrong in its determination that the two verdicts with which we are here concerned were excessive and that both verdicts should be set aside. I would therefore reverse the judgment of the trial court and

562

order that the verdicts be reinstated and judgments entered thereon.

I am authorized to state that Mr. Chief Justice Moore and Mr. Justice Pringle join in this dissent.